Jones, J.,
delivered the opinion of the Court.
This was an action brought by the defendant in error, against the plaintiff, in a plea of trespass, for killing two horses of the plaintiff’s, in his, the defendant’s close, into which close the said horses had entered, the same not being fenced and inclosed, according to law; to plaintiff’s damage, $300. ■ There was a second count, nearly to the same purpose, also laid to plaintiff’s damage of $300, both laid contrary to the form of the statute. Plea, not guilty, and issue. Verdict by the jury, for $1(50 damages. The Court, by its judgment, doubled the damages assessed by the jury, and rendered judgment against the defendant for $320, with costs; to reverse which, this writ of error is brought, and several errors assigned:
First. General error.
Second. Because the judgment was foi double damages, when, by law, it ought to have been for single damages.
Third. That the damages recovered by the judgment, exceed the amount of the damages laid in the declaration.
Fourth. Because, if the plaintiff below was entitled to double damages, the Court erred in adopting a wrong rule in doubling the damages, and rendered judgment for more than double damages, as the same are considered in law.
This action, though not expressed in the declaration, must have been founded on the 4th section of the act of 7th October, 1808, entitled, an act, whieh gives double damages for killing, See,., any horse, &c., in an inclosure which was not fenced, in the manner prescribed by that act, which is the only one on that subject. The record contains no bill of exceptions, nor did the plaintiff appear to argue his cause in this Court.
The judgment below was, in our opinion, rightly given for double the damages assessed by the jury. The single damages were only to be ascertained by the jury, and these damages were, according to the statute, to be dqubled, not by the jury but by the Court, as was done in this case ; 1 Mass. JRep. 163. The third error assigned is, in our opinion, not sustainable; the damages actually sustained by the plaintiff below, was assessed by the jury, $160; for which sum only, but for the Intervention of the statute, could judgment have been entered; the doubling of that assessment was in the nature of a penalty imposed by law, and which the Court were to add to the verdict of the jury. Were even this objection sustainable, the judgment rendered does not amount to the damages laid in the declaration, which *202 contains two counts, each of them to the plaintiff’s damage of $300, and a general verdict and judgment on both counts.
The remaining error is, for the adopting a wrong rule for doubling the damages, as the same are considered by law. It was suggested that the legal method of doubling damages is, by adding one half to the amount of the sum found by the jury. This method, we think, is not correct; nor can we conceive that by any construction, or legal refinement on words, can the word double be construed to mean only a half of an unit. The Court, therefore, did not err in doubling the damages in the manner presented in this record, which was in accordance with the decision reported in 1 Mass. Rep. p. 103.
Let the judgment be affirmed, and let the defendant in this Court have his costs, &c.